Ernest Huddleston and Jimmie Opal Huddleston v. Commissioner.
Huddleston v. Commissioner
Docket No. 44743.
United States Tax Court
T.C. Memo 1954-16; 1954 Tax Ct. Memo LEXIS 230; 13 T.C.M. (CCH) 395; T.C.M. (RIA) 54122; April 26, 1954, Filed Glendale O. Scott, Esq., Coaplen Building, Lebanon, Tenn., for the petitioners. W. Preston White, Jr., Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency of $299.92 in petitioners' income tax for 1950. The issues are whether certain deductions for meals and lodging, telephone bills, charitable contributions, and medical expenses are allowable. Findings of Fact Ernest Huddleston and Jimmie Opal Huddleston, husband and wife, were residents of Nashville, Tennessee. They filed a joint return for 1950 with the collector of internal revenue for the district of Tennessee. Ernest Huddleston will hereinafter be referred to as the petitioner. Petitioner was employed *231 as a truck driver for Super Service Motor Freight Company. He did not have a regular run; however, most of his trips were between Bristol, Virginia, and Nashville, Tennessee. He also made trips between Bristol and Chattanooga, Tennessee, and Bristol and Knoxville, Tennessee. Petitioner's employer considered Bristol to be the home terminal and it was also considered the starting point for each of petitioner's trips. Petitioner was permitted to drive a maximum of 10 hours and was then required to rest 8 hours before driving again. The trip from Bristol to Nashville required about 10 hours; from Bristol to Chattanooga about 8 hours. Each of the trips from Bristol to Nashville or from Bristol to Chattanooga required a lay-over at the terminal city, while the trip from Bristol to Knoxville and return could be completed in one driving period. Petitioner generally left Bristol, Nashville or Chattanooga around four or five in the afternoon, drove through the night, and arrived at his destination early in the morning. He rested during the day and drove again that night. He drove six nights a week and rested during the day at one of the terminal cities. To the best of petitioner's memory, *232 he made approximately three round trips a week, but he was at home in Nashville on Sundays and Sunday nights, and during some of the week days. Beginning on July 21, 1950, petitioner's employer gave him $1.50 lodging allowance for every day spent in Nashville in the course of his employment. Also, after that date petitioner's employer furnished quarters in Chattanooga. Petitioner claimed certain deductions on his 1950 return for "Expenses Away from Home." The amount of the claimed deductions was based on a personal estimate. No written records were presented at the hearing to substantiate the claimed expenses. In 1950 petitioner gave certain sums to the "Super Service Charity Fund." The petitioner testified that the money paid to this fund was a voluntary contribution from the truck company employees for their fellow workers that were sick or injured. Contributions were only made as the need arose; there were no regular or periodic payments. Petitioner kept no record of his contributions, and his claimed deductions were again based on his personal estimate. Petitioner's employer required him to have a telephone in his home so that the company dispatcher could get in touch with *233 him, or so that petitioner could call the dispatcher. There was no showing that petitioner did not use the telephone for personal calls. Petitioner kept no record of the number of business or personal calls made during the year. In 1950 petitioner paid certain medical and dental expenses. Included in these expenses were hospitalization insurance and payments to a doctor, dentist, and a drug store. Petitioner's return was prepared by an attorney from information furnished by petitioner. The collector of internal revenue at Nashville made the following adjustment to petitioner's 1950 return: 1. Net income on return
$2,035.24
2. Additional income and un-
allowable deductions: 2(a) Expense Away from
Home
$1,500.00
(b) Super Service Charity
Fund
125.00
(c) Telephone Expense
23.70
(d) Medical Expense
75.00
3. Total additions to income
1,723.70
4. Total
$3,758.94
Respondent's adjustment for the medical expense was computed as follows: Total salary or wages
$5,142.09
Less, loss rent of apartment
244.59
Adjusted gross income, per statutory
notice
$4,897.50
Total medical expense per return
319.32
Less 5 per cent of adjusted gross in-
come, above
244.88
Allowable deduction for medical ex-
pense
$ 74.44
Deducted per return
149.44
Disallowed in statutory notice
$ 75.00
*234 In 1950 petitioner incurred deductible expenses for meals and lodging while away from home and in the course of his employment in the amount of $500. Opinion Petitioner contends that his deduction for expenses away from home amounted to $1,500; he also claimed other deductions of $125 for the Super Service Charity Fund, $47.40 for telephone expenses, and $149.44 for medical expenses. Respondent disallowed the $1,500 and the $125, and partially disallowed the telephone and medical expenses. Section 23(a)(1)(A) of the Code authorizes a taxpayer to deduct as trade or business expense, traveling expenses, including the entire amount expended for meals and lodging while away from home in the pursuit of a trade or business. Section 22(n) authorizes these deductions from gross income for an employee. If, however, the claimed expenses are personal, living or family expenses, their deduction is expressly prohibited by section 24(a)(1). Petitioner resided in Nashville as a matter of personal convenience, even though his employer considered Bristol the home terminal. Here we have a situation analogous to one where the taxpayer lives in a city and works in another. Living expenses incurred *235 as the result of a voluntary separation of home from place of duty are not deductible. . However, petitioner unquestionably incurred traveling expenses as a result of work away from home. The record for these expenses was nonexistent; in fact, there was no proof that the company's lodging allowance was included in petitioner's reported income. Nevertheless, from the record we find that petitioner incurred deductible traveling expenses for 1950 in the amount of $500. On his 1950 return petitioner claimed $125 as a deduction for contributions to Super Service Charity Fund. He now alleges that these contributions were ordinary, reasonable, and necessary to the production of his income; this he has failed to prove. Petitioner has also failed to show the propriety of this alleged deduction under section 23(o), which provides for deductions for "Charitable and Other Contributions." Petitioner sought to deduct as a business expense his entire home telephone bill for 1950. No evidence was introduced to show that the telephone was used exclusively for business calls. Respondent allowed one-half of the claimed deductions as a business expense; *236 respondent's determination must be sustained. Respondent's adjustment to petitioner's claimed medical deductions was a mathematical adjustment based on the disallowance of petitioner's business expenses. Respondent has not objected to the net medical and dental expenses of $319.32 as claimed by petitioner. Therefore, the allowable deductions for medical and dental expenses under section 23(x), in conformity with the business expenses as authorized by this opinion, can be ascertained in a Rule 50 computation. Decision will be entered under Rule 50.